UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAUL SANCHEZ ZAVALA,<br><br>                Plaintiff,<br><br>  vs.<br><br>TOPPER BAKER and ELLA HUFFMAN,<br><br>                Defendants. | NO. CV-11-399-JLQ<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

    BEFORE THE COURT is Plaintiff's Motion for Reconsideration filed March 2, 2012. ECF No. 18. Plaintiff, a federal prisoner serving a life sentence at the United States Penitentiary in Atwater, California, pursuant to the drug distribution sentence of Judge Suko of this court in cause CR-05-105-LRS is proceeding *pro se* and *in forma pauperis*. Defendants were not served. All postsentence appeals to the Ninth Circuit Court of Appeals have been rejected.

    Plaintiff did not properly note his motion for hearing as required by LR 7.1(h), Local Rules for the Eastern District of Washington. Because Plaintiff is proceeding *pro se*, the Court noted his motion for him on the date signed below. PLAINTIFF IS CAUTIONED ANY FURTHER MOTIONS SUBMITTED WITHOUT PROPERLY NOTING THEM FOR HEARING MAY NOT BE CONSIDERED BY THE COURT.

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

Plaintiff brings this Motion pursuant to Fed. R. Civ. P. 59(e), challenging the dismissal Order filed February 1, 2012. Plaintiff contends he is not challenging his conviction or sentence in this action, but "only seeks to obtain trial and sentencing evidence," so that he might have a "platform for attacking his sentence and conviction." He asserts the Court erred in ruling (1) his action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff's reliance on *Skinner* was misplaced ; (3) he is not entitled the relief he seeks; (4) Plaintiff has no entitlement or right of access to audio recordings of his trial; (5) he has presented no reason to distrust the accuracy of the transcripts; and (6) there was no record of a FRAP 10(e) motion being filed between April 26, 2006, and January 7, 2008.

A motion under Fed.R.Civ.P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*quoting Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed.R.Civ.P. 60(b).

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this court re-examining the issue. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

The Court has already determined, even if Plaintiff's complaint is not precluded by *Heck v. Humphrey*, Mr. Zavala still is not entitled to the audio transcripts and shorthand notes he seeks to obtain through this action. *See* 28 U.S.C. § 753(b); *Guide to Judicial Policies and Procedures, Court Reporter's Manual*, Vol. VI, Ch. XVI at 14 (Oct. 1991*);* and *Guide to Judiciary Policies and Procedures*, Vol. 6, Ch. 3, § 380.40 (April 23, 2010). Furthermore, having reviewed all 406 pages of ECF No. 195, filed January 12, 2009, in cause number 05-CR-105-LRS, and contrary to Plaintiff's assertions on page 11 of his Motion for Reconsideration in this action, ECF No. 18, there is no mention of a motion under Rule 10(e), Federal Rules of Appellate Procedure, being filed to correct or modify the record, during the pendency of Mr. Zavala's direct appeal which ended January 7, 2008.

The Court finds no basis to reconsider the prior ruling dismissing Mr. Zavala's *Bivens* action for failure to state a claim upon which relief may be granted. Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 18, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to Plaintiff and close the file. The Court certifies any appeal of this decision would not be taken in good faith.

**DATED** this 14th day of March 2012.

                     s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
      SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION -- 3